**STATE of Minnesota, Respondent,**

v.

**Glen Edward UNDERDAHL, Appellant.**

No. C0–99–1050.

Court of Appeals of Minnesota.

March 21, 2000.

Review Denied May 16, 2000.

John M. Stuart, State Public Defender, Susan K. Maki, Assistant Public Defender, Minneapolis, MN (for appellant).

Mike Hatch, Attorney General, St. Paul, MN; and Wayne H. Swanson, Polk County Attorney, Larry D. Orvik, Assistant County Attorney, Crookston, MN (for respondent).

Considered and decided by DAVIES, Presiding Judge, LANSING, Judge, and HARTEN, Judge.

## OPINION

HARTEN, Judge.

Appellant challenges his conviction of gross misdemeanor driving under the influence, arguing that his statement in response to a corrections officer's question should have been suppressed because the officer did not give appellant a *Miranda* warning. Because we conclude that a *Miranda* warning was not required, we affirm.

## FACTS

Appellant Glen Underdahl, an inmate in a correctional facility, left the facility on a pass to care for livestock on his parents' farm. He returned, driving a three-wheeler, late, intoxicated, and disheveled. When the corrections officer on duty saw appellant and asked him where he had been, appellant said he had gotten lost on the three-wheeler.

Appellant was charged with driving under the influence of alcohol. At the omnibus hearing, he moved to suppress his statement to the corrections officer because he had not had a *Miranda* warning. His motion was denied. A jury found appellant guilty of (1) driving under the influence within five years of a prior impaired driving conviction or a prior license revocation (Minn.Stat. § 169.121, subd. 1(a), subd. 3(c)(2) (1998)); (2) refusing to submit to testing within five years of a prior impaired driving conviction or a prior license revocation (Minn.Stat. § 169.121, subd. 1a and subd. 3(c)(2) (1998)); and (3) possession of contraband (Minn.Stat. § 641.165, subd. 2(a) (1998)). This appeal followed.

## ISSUE

Was a *Miranda* warning required before appellant was questioned after his return to the correctional facility?

## ANALYSIS

*Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) prohibits the admission in evidence of statements made by a suspect during "custodial interrogation" absent procedural safeguards to protect the suspect's rights under the Fifth Amendment.

*State v. Tibiatowski,* 590 N.W.2d 305, 308 (Minn.1999) (citation omitted). Appellant argues that the corrections officer's question as to where he had been was "custodial interrogation" for the purposes of *Miranda.* The first question we address is whether appellant, an inmate of a penal institution following conviction in an unrelated matter, was in custody.

> A district court's conclusions concerning custody are reviewed under the "clearly erroneous" standard and the circuit court "must affirm unless the decision of the district court is unsupported by substantial evidence, based on an erroneous interpretation of applicable law, or in light of the entire record we are left with a firm and definite conviction that a mistake has been made."

*U.S. v. Griffin,* 922 F.2d 1343, 1347–48 (8th Cir.1990) (quoting *U.S. v. Jorgensen,* 871 F.2d 725, 728 (8th Cir.1989)).

> *Tibiatowski* addressed
> whether custody is custody for all purposes or whether the custody must relate to the offense for which the detainee is being interrogated. The logical extension of *Miranda* would appear to favor the latter.

*Tibiatowski,* 590 N.W.2d at 308. In *Tibiatowski,* a juvenile in a juvenile detention center on an unrelated matter was asked by his Juvenile Services case manager if there was anything he wanted to tell her. *Id.* at 307. The juvenile then said he had been involved in an armed robbery. *Id.*

*Tibiatowski* relies on *Minnesota v. Murphy,* 465 U.S. 420, 440, 104 S.Ct. 1136, 1149, 79 L.Ed.2d 409 (1984), holding that a confession given by a probationer to his probation agent was not suppressed under *Miranda* because there had been no coercion and "the concern behind the *Miranda* decision was the possibility that confessions would be coerced from a suspect." *Id.* at 308.

> [B]ased on the underlying concern expressed by the Supreme Court in *Miranda* for the coercive influence of custody in an interrogative setting, [we hold that] custody for an unrelated offense is not custody for all purposes under *Miranda.* * * * [U]nder the circumstances here where there is no evidence of restraint on the suspect's freedom other than that to which the suspect was already subject by reason of his custody for an unrelated offense, the suspect is not in custody for purposes of *Miranda.* There is no evidence that [Tibiatowski] was subject to any additional restraint when he confessed, and therefore the necessary ingredient of coercion in *Miranda* was missing. [Tibiatowski] was therefore not "in custody" for purposes of *Miranda* when he confessed.

*Id.* at 309. Appellant's statement to a corrections officer is analogous to Tibiatowski's statement to his case worker. There was no coercion; appellant, like Tibiatowski, was not subject to any additional restraint. *See also State v. Spencer,* 414 N.W.2d 528, 532 (Minn.App.1987) (jockey interrogated in security office by director of security was not in custody), *review denied* (Minn. Dec. 22, 1987).

The remaining question is whether the corrections officer's question amounted to custodial interrogation. Statements made in a familiar setting in response to questions not reasonably likely to elicit an incriminating response are not "custodial interrogation." *Tibiatowski,* 590 N.W.2d at 310. Appellant was familiar with both the procedure for returning to jail and with the officer. The officer's where-have-you-been question, directed to an inmate who returned 15 minutes late, was not reasonably likely to elicit an incriminating response. We conclude that this was not a custodial interrogation within the meaning of *Miranda.*

### DECISION

Because appellant was not in custody for *Miranda* purposes when the corrections officer questioned him after his return to the correctional facility, there is no basis to suppress the statement appellant made in response to the corrections officer's question.

**Affirmed.**